**IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WAYNE RIPPLE** | **CASE NO. 1-cv-12-2234** |
| **Plaintiff** | **JUDGE WILLIAM W. CALDWELL** |
| vs. | **MAGISTRATE JUDGE BLEWITT** |
| **OLYMPIC STEEL INC.,** *et al.* | |
| **Defendants** | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW COMES Defendants Olympic Steel, Inc. ("Olympic"), Danny Jones ("Jones"), Bob Davis ("Davis"), Tom Neil ("Neil") and Chris Schenzel ("Schenzel") (collectively, "Defendants"), by and through their attorneys, Benesch Friedlander Coplan & Aronoff LLP and McNees Wallace & Nurick LLC, and files the following Motion for Summary Judgment as a matter of law in accordance with Rule 56 of the Federal Rules of Civil Procedure on the claims of: (1) disability discrimination and against Olympic under the ADA and against all Defendants under the PHRA; (2) constructive discharge against all Defendants; and (3) intentional infliction of emotional distress against the individual Defendants as set forth in the Amended Complaint brought against them by Plaintiff Wayne Ripple ("Ripple").

1. In the Amended Complaint, Ripple alleges claims of disability discrimination against Olympic under the ADA, and against all Defendants under the PHRA based on a hostile work environment theory related to his stutter.

2. The proper legal analyses of these claims are identical under the ADA and the PHRA. *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 519 (E.D. Pa. 2012). See also *Sterling v. McKesson Automation, Inc.*, 2006 U.S. Dist LEXIS 69159 (W.D. Pa) (citations omitted); *Imler v. Hollidaysburg Am. Legion Ambulance Serv.*, 731 A.2d 169, 173-174 (Pa. Super. 1999.)

3. To survive summary judgment Ripple must establish a prima facie case of hostile work environment under the ADA and PHRA. *Koller*, 850 F. Supp. 2d at 515 (citing *Walton v. Mental Health Association of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999)); See also *Allen v. Verizon Pa., Inc.*, 418 F. Supp. 2d 617, 631 (M.D. Pa. 2005.)

4. A prima facie case is established by showing <u>each</u> of the following: (1) he is a qualified individual with a disability under the ADA; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability or request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment ***and*** create an abusive working environment; ***and*** (5) the employer knew or should have known of the harassment ***and*** failed to take prompt, effective, remedial action. (*Id.*)

5. Ripple has offered no record evidence that would allow a factfinder to find that: (1) he is a qualified individual with a disability under the ADA; (2) the alleged harassment was based on his disability or request for an accommodation; (3) the alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment ***and*** create an abusive working environment; ***and*** (4) the employer knew or should have known of the harassment ***and*** failed to take prompt, effective, remedial action. (*Id.*)

6. The same analysis that applies to Ripple's hostile work environment disability discrimination claims under the ADA and PHRA also applies to his constructive discharge

claims. *See Martin v. Allegheny Airlines, Inc.*, 126 F. Supp. 2d 809, 821 (M.D. Pa. 2000); *Westfall v. Vanguard Group, Inc.*, No. 06-4320, 2007 U.S. Dist. LEXIS 41777, *6, (E.D.P.A.)

7. For Ripple's constructive discharge claim to survive summary judgment, he must establish that Defendants "knowingly permitted a condition so intolerable a reasonable person would have felt compelled to resign." *Westfall* 2007 U.S. Dist. LEXIS 41777 at *14 (citing *Spangle v. Valley Forge Sewer Auth.*, 839 F.2d 171, 173 (3d Cir. 1988) and *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 975 (3d Cir. 1998)); *See also* Martin, 126 F. Supp. 2d at 821*; Colwell v. Rite Aid Corp.*, 602 F.3d 495, (3d Cir. 2010.)

8. Since Ripple cannot establish a hostile working environment under the ADA and PHRA due to his stutter, his constructive discharge claim also fails as a matter of law. *Martin,* 126 F. Supp. 2d at 821.

9. Under Pennsylvania law, claims of intentional infliction of emotional distress are preempted by the PHRA if they are based upon the same allegations of discrimination in the PHRA claim. *Ginsburg v. Aria Health Physician Servs.,* No. 12-1140, 2012 U.S. Dist. LEXIS 124243 at *26 (E.D. Pa. Aug. 31, 2012); *See also Belverena v. Cent. Parking Sys., Inc.*, No. 05-4364, 2005 U.S. Dist. LEXIS 25911, at *6-7 (E.D. Pa. Oct. 31, 2005).

10. The claims are preempted unless the alleged conduct was "egregious or outrageous" or based upon a separate set of facts. *Belverena v. Cent. Parking Sys.,* 2005 U.S. Dist. LEXIS 25911 at *6. Ripple's emotional distress claim is based on the same set of facts and record evidence as his hostile work environment disability discrimination claim under the PHRA. On these grounds alone, Ripple's emotional distress claim must be dismissed on summary judgment.

11. Notwithstanding that Ripple's emotional distress claim is pre-empted by the PHRA, he cannot establish the claim under Pennsylvania law because the undisputed record evidence does not establish that Ripple was subjected the type of rare extreme and outrageous conduct required to support a claim of intentional infliction of emotional distress.

WHEREFORE, Defendants respectfully request that this Honorable Court grant its Motion for Summary Judgment, and enter judgment in its favor and against Plaintiff Wayne Ripple, together with all costs, disbursements and other relief as the Court deems just and equitable.

    Respectfully submitted,

**BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP**

    Steven M. Moss, Esq.
    I.D. No. OH 55997
    Robert A. Zimmerman, Esq.
    I.D. No. OH 55478
    200 Public Square, Suite 2300
    Cleveland, Ohio 44114-2309

**McNEES WALLACE & NURICK LLC**

By:   */s/Elizabeth A. Maguschak, Esq.*
    Elizabeth A. Maguschak, Esq.
    I.D. No. PA 39853
    100 Pine St., P.O. Box 1166
    Harrisburg, PA 17108

Dated: October 3, 2013

**IN THE UNITED STATES DISTRICT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WAYNE RIPPLE,** | **CASE NO. 1-cv-12-2234** |
| **Plaintiff** | **JUDGE WILLIAM W. CALDWELL** |
| vs. | **MAGISTRATE JUDGE BLEWITT** |
| **OLYMPIC STEEL INC.,** *et al.,* | |
| **Defendants.** | |

**CERTIFICATE OF NON-CONCURRENCE**

The undersigned certifies that counsel for Plaintiff, Don Bailey, does not concur with the foregoing Motion.

By: ___*/s/Elizabeth A. Maguschak, Esq.*___
Elizabeth A. Maguschak, Esq.
I.D. No. PA 39853

Dated:  October 3, 2013

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing Motion for Summary Judgment was served by the Court's electronic filing system upon the following:

Don Bailey, Esquire
4311 N. Sixth St.
Harrisburg, PA 17110

*Attorney for Plaintiff*

By:    */s/Elizabeth A. Maguschak, Esq.*
       Elizabeth A. Maguschak, Esq.
       I.D. No. PA 39853

Dated: October 3, 2013