UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE RIPPLE, :
      Plaintiff :
       :
      v. : CIVIL NO. 1:12-CV-2234
       :
OLYMPIC STEEL INC., *et al.* :
      Defendants. :
       :

*M E M O R A N D U M*

*I.      Introduction*

We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Blewitt (Doc. 45), which recommends that we grant Defendants' motion for summary judgment with respect to Plaintiff's Americans with Disabilities Act ("ADA") claim, Pennsylvania Human Relations Act ("PHRA") claim, and the state law constructive discharge claim. The report also recommends that we decline to exercise supplemental jurisdiction over the remaining state law claim for intentional infliction of emotional distress. (Doc. 32). Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

*II.        Background*

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.       Discussion*

*A. Americans With Disabilities Act and Pennsylvania Human Relations Act Claims*

Plaintiff is suing his former employer for alleged violations of his rights pursuant to both the ADA and the PHRA.  "While the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in . . . the ADA, . . . its courts nevertheless generally interpret the PHRA in accord with its federal counterparts."  <u>Kelly v. Drexel Univ.</u>, 94 F.3d 102, 105 (3d Cir. 1996).  Thus, our analysis of Plaintiff's ADA claim applies with equal force to his PHRA claim.

Plaintiff objects to the magistrate's finding that his stutter does not qualify as a disability for the purposes of the ADA and the PHRA.  An impairment qualifies as a disability under the ADA if it substantially limits an individual's major life activity.  29 C.F.R. § 1630.2(J)(1)(i)-(ii). An individual is "substantially limited" if he or she is "[u]nable to perform a major life activity that the average person in the general population can perform," or is "[s]ignificantly restricted as to the condition, manner or duration under which [the] individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity."  <u>Id.</u>  Plaintiff argues that his stutter substantially limits his major life activity of communicating.  We agree with the magistrate that the

*II.        Background*

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.       Discussion*

*A. Americans With Disabilities Act and Pennsylvania Human Relations Act Claims*

Plaintiff is suing his former employer for alleged violations of his rights pursuant to both the ADA and the PHRA.  "While the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in . . . the ADA, . . . its courts nevertheless generally interpret the PHRA in accord with its federal counterparts."  <u>Kelly v. Drexel Univ.</u>, 94 F.3d 102, 105 (3d Cir. 1996).  Thus, our analysis of Plaintiff's ADA claim applies with equal force to his PHRA claim.

Plaintiff objects to the magistrate's finding that his stutter does not qualify as a disability for the purposes of the ADA and the PHRA.  An impairment qualifies as a disability under the ADA if it substantially limits an individual's major life activity.  29 C.F.R. § 1630.2(J)(1)(i)-(ii). An individual is "substantially limited" if he or she is "[u]nable to perform a major life activity that the average person in the general population can perform," or is "[s]ignificantly restricted as to the condition, manner or duration under which [the] individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity."  <u>Id.</u>  Plaintiff argues that his stutter substantially limits his major life activity of communicating.  We agree with the magistrate that the

record evidence does not support this conclusion.[1] To make this determination, the magistrate judge properly examined Plaintiff's deposition testimony. Medvic v. Compass Sign Co., LLC, No. 10-5222, 2011 WL 3513499, *6 n.9 (E.D. Pa. Aug. 10, 2011) (noting that courts may consider a plaintiff's deposition testimony when determining whether a stutter is substantially limiting). We agree that Plaintiff's testimony demonstrates that he can speak understandably, and is not substantially limited by his stutter. Moreover, during his deposition, Plaintiff testified that his stutter did not in any way affect his job performance at Olympic Steel because he was able to communicate with machine operators and other employees. (Doc. 30-1 at 15-16). Defendants Jones, Davis, and Neil all testified that they had no difficulty understanding Plaintiff and never noticed that Plaintiff had trouble communicating. (Doc. 30-4 at 27; Doc. 30-5 at 11; Doc. 30-3 at 2-3). Plaintiff has not submitted any medical evidence regarding his stutter, does not attend speech therapy, and does not claim that his stutter impacts other aspects of his life. Based upon the undisputed facts in the record, we agree with the magistrate judge that Plaintiff's stutter does not qualify as a disability under the ADA.[2]

---

1. Plaintiff claims that the magistrate violated the summary judgment standard by resolving several factual disputes in the Defendants' favor and ignoring the "abundant other evidence" that Plaintiff presented regarding his disability. (Doc. 49 at 3). This objection is unfounded. The magistrate relied solely upon undisputed facts–many of which were gleaned from Plaintiff's deposition testimony.

2. This conclusion is in line with other courts' findings that a stutter does not qualify as a disability under the ADA if the plaintiff fails to demonstrate that it substantially limits a major life activity. See, e.g., Dorn v. Potter, 191 F. Supp. 2d 612, 622 (W.D. Pa. 2002); Sterling v. McKesson Automation, Inc., No. 02-04-cv-1470, 2006 WL 2792203 (W.D. Pa. Sept. 26, 2006).

An individual may also be considered disabled for the purposes of the ADA if he is "regarded as" disabled by his employer. 42 U.S.C. § 12102(2). Plaintiff raised this argument for the first time in his brief in opposition to the summary judgment motion, and the magistrate concluded that Defendants did not regard Plaintiff as disabled. Plaintiff objects to this finding. On review, we need not decide whether Plaintiff was regarded as disabled, because we find that Plaintiff failed to sufficiently plead this claim in his amended complaint. "To adequately plead that an employer regarded an employee as having a qualifying disability, the plaintiff must allege (1) that the employer believed that a *wholly unimpaired plaintiff* had an impairment that substantially limited at least one major life activity, or (2) that the employer believed an employee's actual impairment to limit major life activities *when it in fact did not*." Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 274 (3d Cir. 2012) (emphasis added). In the amended complaint, Plaintiff averred that his stutter is an actual impairment that substantially limits his major life activity of speaking. (Doc. 12). Plaintiff now claims that he is *not* disabled, but his supervisors at Olympic Steel regarded him as disabled. This is a failed attempt by Plaintiff to change horses midstream. The Third Circuit has clearly instructed that "[a] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008) (internal quotation omitted). Because Plaintiff failed to plead facts supporting this claim, it must fail. Having found that Plaintiff neither suffers from a qualifying disability, nor is "regarded as" having a qualified disability, we find that Defendants are entitled to

4

summary judgment on the ADA claim (Count I) and the PHRA claim (Count IV).  We adopt this portion of the magistrate's report.

### C.  Remaining State Law Claims

In addition to the federal claims discussed *supra*, Plaintiff brings two state law claims for constructive discharge (Count II) and intentional infliction of emotional distress (Count III).  Having dismissed all of the federal claims over which we had original jurisdiction, we decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).[3]

### IV.       Conclusion

For the reasons stated above, we will adopt the magistrate judge's report in part, and reject it in part.  We will issue an appropriate order.

---

3. The magistrate judge examined Plaintiff's state law claim for constructive discharge and recommended we grant summary judgment in favor of Defendants on this claim. Plaintiff objects to this finding, but because we decline to exercise supplemental jurisdiction, we do not address Plaintiff's objections.

5